**This order is SIGNED.**

**Dated: September 22, 2020**

*William J. Thurman*
**WILLIAM T. THURMAN**
U.S. Bankruptcy Judge



IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: | Bankruptcy No. 11-38145 |
| Renewable Energy Development Corp., | Chapter 7 |
| Debtor. | Honorable William T. Thurman |

**MEMORANDUM DECISION AND ORDER DENYING KIMBERLY CERUTI'S MOTION FOR A CONTINUANCE**

This matter is before the Court by way of Kimberly Ceruti's Motion for a Continuance. Ms. Ceruti, appearing in this case pro se, currently has three filings pending before the Court: (1) Motion to Remove Trustee [ECF No. 350]; (2) Objection to Application to Employ Strong & Hanni [ECF No. 351]; and (3) Motion to Stay [ECF No. 366]. The Court had originally scheduled the Motion to Stay for a hearing on September 10, 2020. At the beginning of the hearing, however, Ms. Ceruti requested that it be continued. The Court granted Ms. Ceruti's request and continued the hearing until September 24, 2020—the same date on which the Motion to Remove Trustee and Objection to Application to Employ Strong & Hanni are currently set to be heard. The day after continuing the hearing on the Motion to Stay, Ms. Ceruti sought an extension to submit a reply memorandum in support of the Motion to Stay. The Court granted Ms. Ceruti's request. Now, once again, Ms. Ceruti seeks a continuance of the hearing scheduled for September 24, 2020.

1

Pursuant to Local Rule 9071-1, the Court "may continue a . . . hearing for any reason and notice of such continuance shall be given to the parties." In this case, Ms. Ceruti requests a continuance for three reasons. First, she contends that this Court lacks jurisdiction pending her appeal of the Court's previous ruling that she lacks standing. Second, she avers that she has established a need for significant discovery in this case due to information she has uncovered regarding the Debtor and several related individuals and entities. Third, she argues that, as a pro se litigant, it would be overly burdensome to require her to argue all three matters at the same hearing. The Court will address each argument in turn.

The Court is unpersuaded as to Ms. Ceruti's first argument in favor of a continuance. That argument goes to the heart and substance of an argument that Ms. Ceruti advances in the Motion to Stay. Thus, the Court finds it prudent to maintain the current hearing date so as to reach an expeditious resolution regarding Ms. Ceruti's jurisdictional arguments.

The Court is likewise unpersuaded by Ms. Ceruti's second argument. That Ms. Ceruti recently uncovered additional information that she believes may have some discoverable value bears little to no relation to the upcoming hearing and the Court's ability to resolve the pending motions.

Lastly, as to Ms. Ceruti's final argument, the Court is cognizant of the fact that Ms. Ceruti is proceeding in this matter pro se. Indeed, the difficulty experienced by any pro se litigant in matters as complex as those present in this case are not lost on the Court. Nevertheless, the Court remains unconvinced that a continuance is necessary for three reasons. First, regardless of Ms. Ceruti's status as a pro se litigant, she must still abide by the Court's procedural and scheduling orders. *See United States v. Distefano*, 279 F.3d 1241, 1245 (10th Cir. 2002) ("In general, litigants proceeding *pro se* are held to the same procedural standards as

those with counsel."); *Jones v. Phipps*, 39 F.3d 158, 163 (7th Cir. 1994) ("[P]ro se litigants are not entitled to a general dispensation from the rules of procedure or court imposed deadlines."). Yet, since March of this year, Ms. Ceruti has filed a myriad of motions to continue/motions for extension in this case, which have resulted in significant delay. *See* Minute Entry on 9/10/2020 and ECF Nos. 257, 281, 299, 324, 325, 373, 387, and 392. Second, the Court believes that Ms. Ceruti has had adequate time to prepare for the upcoming hearing considering that the all of the Trustee's responses to Ms. Ceruti's motions were filed with the Court several weeks ago. Third, the pending motions are interrelated in several respects such that judicial resources will be most efficiently expended by hearing the motions together.

Accordingly, for the foregoing reasons, it is HEREBY ORDERED:

1. Ms. Ceruti's Motion for a Continuance is DENIED; and

2. No further continuances/extensions will be permitted for Ms. Ceruti.

3

## DESIGNATION OF PARTIES TO RECEIVE SERVICE

Service of the foregoing **MEMORANDUM DECISION AND ORDER DENYING KIMBERLY CERUTI'S MOTION FOR A CONTINUANCE** will be effected through the Bankruptcy Noticing Center to each party listed below:

**By Electronic Service:**

Elizabeth Loveridge - eloveridge@strngandhanni.com
Reid Lambert - rlambert@strongandhanni.com
Peter Kuhn - Peter.J.Kuhn@usdoj.gov
John Morgan - john.t.morgan@usdoj.gov

**By U.S. Mail -** In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed R. Civ. P. 5(b).

Andrew Neff
1709 N.E. Media Ave
Jensen Beach, FL 34959

Kimberly Ceruti
4733 Hiddenwoods Ln
Salt Lake City, UT 84107