**This order is SIGNED.**

**Dated: September 8, 2022**



**WILLIAM T. THURMAN**
U.S. Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF UTAH

| | |
|---|---|
| In re: | Bankruptcy No. 11-38145 |
| Renewable Energy Development Corporation, | Chapter 7 |
| Debtor(s). | Honorable William T. Thurman |

**Memorandum Decision on Kimberly Ceruti's Motion to Stay Order, Motion for an Order Finding that David Ryan Hague Is an Insider of REDCO, and Other Matters**

The primary matters before the Court at this time are two motions filed in November 2021 by Ms. Kimberly Ceruti, a pro se litigant purported to be an Equity Shareholder and Party-in-Interest—(1) an Emergency Motion to Stay Order of the Bankruptcy Court (the "Stay Motion"), and (2) a Motion for an Order Finding that David Ryan Hague Is an Insider of Renewable Energy Development Corporation ("Debtor" or "REDCO") (the "Insider Motion") (together "the Motions"). The hearing for the Motions was held on August 31, 2022 at which Ms. Kimberly Ceruti appeared pro se; Mr. Reid Lambert appeared on behalf of Mr. David Miller, the current Chapter 7 Trustee; Mr. Zack Winzeler appeared on behalf of Mr. David Hague; and Mr. Peter Kuhn appeared for the United States Trustee. After hearing the arguments of Ms. Ceruti and counsel, along with considering all motions, objections, replies, and briefs as well as a review of the record as a whole, the Court took the Motions under advisement and now

1

issues this Memorandum Decision to explain its reasoning regarding the Motions and several related matters. This Memorandum Decision constitutes the Court's findings of fact and conclusions of law under Federal Rule of Civil Procedure 52(a)(1), made applicable to these contested matters by Federal Rules of Bankruptcy Procedure 7052 and 9014(c).

## I. JURISDICTION AND VENUE

The jurisdiction of this Court is properly invoked under 28 U.S.C. §§ 157(b) and 1334, the Motions are core proceedings under § 157(b)(2)(A), and venue is proper under § 1409. The Court also finds that notice of the Motions and the August 31 hearing was adequate to allow the Court's consideration and ruling today.

## II. FACTS

The background of this bankruptcy case is very long and complex. As such, the Court sees it as important to lay out a factual and procedural background to provide context to its ruling on the Motions. However, in the interest of being succinct, the Court will address the Motions' background and adopt its findings in prior rulings as fact for purposes of the bankruptcy case at large.[1]

This case began on December 30, 2011 when REDCO filed its petition for protection under Chapter 7 of the Bankruptcy Code. Seemingly important to the Movant's instant challenges, Mr. George Hofmann was initially appointed as chapter 7 trustee for the REDCO estate. On March 27, 2012, Mr. Hofmann filed an Application to Employ Gary E. Jubber and the

---

[1] *See, e.g.*, Transcript of October 13, 2020 Hearing, ECF No. 415; Recording of October 13, 2020 Hearing, ECF No. 404; Transcript of July 31, 2020 Hearing, ECF No. 378; Recording of July 31, 2020 Hearing, ECF No. 352.

law firm of Fabian & Clendenin as Special Counsel for the Chapter 7 Trustee.[2] The Court granted the Application to Employ Fabian & Clendenin on April 11, 2012.[3] Crucial to the Movant's argument for the Insider Motion, Mr. David Ryan Hague was a lawyer at Fabian & Clendenin at the time and was tasked with representing Mr. Hofmann as Trustee; however, this representation was short-lived. Mr. Hofmann withdrew as Trustee on August 7, 2012,[4] and Fabian & Clendenin was promptly replaced by Woodbury & Kesler as counsel to the successor trustee, Elizabeth Loveridge.[5] Mr. Hague had no formal involvement in this case outside of that timeframe.

A critical factor of the Movant's argument in the Insider Motion is that Mr. Hague is the brother-in-law of Mr. Sean Patrick McBride, the general counsel and a former officer of the Debtor. For purposes of this ruling, the Court will assume as fact that Mr. Hague and Mr. McBride are legal relatives through marriage, as well as that Mr. McBride was an officer of the Debtor. There is no need to dispute such assertions, nor declare such definitively as fact.

Additionally, pertinent to the Stay Motion is the procedural timeline of the case up to the present. On November 3, 2021, the Court conducted a hearing on the Final Report filed by the current Trustee David Miller—who was appointed in January 2021 after Ms. Loveridge passed away—and subsequently entered an Order Approving Chapter 7 Trustee's Final Report (the "Final Report Order") on the very same day, which among other things allowed the abandonment or destruction of the records of the Debtor which had been delivered to the

---

[2] Trustee's Application to Employ, ECF No. 61.
[3] Order Granting Application to Employ, ECF No. 80.
[4] Docket Text Entry on August 7, 2012.
[5] *See* ECF Nos. 154 and 161.

3

Trustee.[6] However, just over an hour later, Ms. Ceruti filed the Stay Motion—followed six days later by the Insider Motion—but did not file a notice of hearing for the Motions as required by this Court's Local Rules until January 7, 2022.[7] The hearing on the Motions was then continued several times at Ms. Ceruti's request until finally ending up on the Court's August 31 calendar, and there has never been any stay in place, nor did Ms. Ceruti ever appeal the November 3 Final Report Order. Additionally, all funds of the estate have been disbursed as indicated by the Trustee's counsel and as contained in the March 7, 2022 Final Account and Distribution Report (the "Final Account") at docket #463. And the Trustee's counsel indicated at the August 31 hearing that at this point, the Trustee only remains in possession of a "handful of bankers' boxes of records" along with some "electronic files." It appears that many records were transferred to asset purchasers during the early stages of the case.[8]

Lastly, the Court takes notice of a particular portion of its prior findings of fact, which have already all been adopted herein. Summit Wind Power, LLC ("Summit"), which may at some point have been a creditor of the Debtor and is also an entity in which Ms. Ceruti has an equity interest, was party to a Court-approved settlement agreement between it and the Trustee.[9] Additionally, neither Summit nor Ms. Ceruti timely filed a proof of claim in REDCO's bankruptcy case.[10] However, on July 15, 2020, the Movant filed three proofs of claim for claims

---

[6] ECF No. 450.
[7] *See* Motions at ECF Nos. 451 and 453; *see* Notice of Hearing for Motions at ECF Nos. 454 and 455.
[8] *See, e.g.*, Order Denying Motion to Gain Access to All Debtor Records at ECF No. 96.
[9] *See generally* ECF No. 378; *see also* Order Granting Motion to Approve Settlement/Compromise, ECF No. 206, and adversary proceeding #20-2067.
[10] *See* ECF No. 378, 8:24–9:1.

or interests that were once held by Andrew Neff, Bonnie Meyer, and SSP Trust.[11] The last day to file proofs of claim was April 19, 2012, and this deadline was properly noticed to all creditors.[12] Subsequently, the Court disallowed each of those claims.

### III. DISCUSSION

The Court will address the Stay Motion and the Insider Motion in turn, and there are other matters that the Court will also then address.

**A. Emergency Motion to Stay Order of the Bankruptcy Court**

Starting with the Stay Motion, the Movant asks the Court to stay its Final Report Order,[13] which again was never appealed, but the Court elects not to impose such a stay. "A stay is an intrusion into the ordinary processes of administration and judicial review," and therefore "the moving party carries a heavy burden to demonstrate that [a] stay is warranted."[14] The Tenth Circuit Bankruptcy Appellate Panel has adopted the following four factors to consider in determining whether to grant a stay pending appeal, and this Court again adopts these factors:

> (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will suffer irreparable injury unless the stay is granted; (3) whether granting the stay will result in substantial harm to the other parties to the appeal; and (4) the effect of granting the stay upon the public interest.[15]

Although there is no appeal pending, the Court adopts this reasoning here and determines that each factor weighs against granting the Movant's requested stay.

---

[11] *See id.* at 9:1–4.
[12] *See id.* at 9:23–25.
[13] ECF No. 450.
[14] *In re Stewart*, 604 B.R. 900, 905 (Bankr. W.D. Okla. 2019).
[15] *In re Lang*, 305 B.R. 905, 911 (10th Cir. BAP 2004).

### 1. Likelihood that the Party Will Prevail on the Merits of Appeal

The Stay Motion alleges that the records still in the Trustee's possession are somehow critical to Ms. Ceruti's then-pending appeals before the Tenth Circuit Court of Appeals in Cases #20-4040, 20-4041, 20-4045, and 21-4095 and her related but unprosecuted motion at docket #448 to refer the REDCO bankruptcy case to the U.S. Trustee and Department of Justice. But Case #21-4095 was dismissed on February 25 and the other three cases were dismissed last week on September 1, just one day after the Motions were heard.[16] In addition, all estate funds have been disbursed, and no objection to the Trustee's March 7 Final Account was timely filed as required by Bankruptcy Rule 5009(a). Accordingly, the Stay Motion is moot.[17]

But even if the Court were to consider the merits of the Stay Motion, the Supreme Court held that Article III standing requires (1) an "injury in fact," which is an invasion of a legally protected interest that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) a causal connection between the injury and the conduct complained of; and (3) it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.[18] Under 11 U.S.C. § 1109(b), a "party in interest" may raise and be heard on any issue in a chapter 11 case. This section has been interpreted within the chapter 7 context in the past, and the Court again elects to do so here. In the Tenth Circuit, generally the term "party in interest" means "all persons whose pecuniary interests are directly affected by the bankruptcy

---

[16] *In re Renewable Energy Development Corporation*, 2022 WL 3972093 (10th Cir. 2022).
[17] *See also In re Railyard Company, LLC*, 849 Fed.Appx. 227 (10th Cir. 2021).
[18] *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

proceedings."[19] "Party in interest" has also been interpreted to include "anyone who has a legally protected interest that could be affected by a bankruptcy proceeding."[20]

As it has several times before, the Court again finds that the Movant lacks standing to proceed here for at least three reasons, each of which is sufficient on its own to deny her Motion: (1) the Movant does not have an allowed proof of claim in the case; (2) even if the Movant had an allowed proof of claim, the claim would be that of a general unsecured creditor, and would have no pecuniary interest in the estate due to the limited funds, which have all been disbursed; and (3) at least two of the Movant's three claims were waived in the broad settlement agreement, and plausibly all three. As such, the Court finds that the Movant lacks an "injury in fact" required to have standing. Further, the conduct complained of and the alleged injury lack a causal connection, and similarly any injury and the available redress in the form of a stay is highly speculative. Thus, the Movant is unlikely to succeed on further appeal.

### 2. Likelihood the Moving Party Will Suffer Irreparable Injury Unless Stay Is Granted

The second factor again weighs against the Movant. The standard when considering the second factor is whether irreparable harm is *likely* to inure to the moving party in the absence of a stay; more specifically, to constitute irreparable harm, "an injury must be certain, great, actual and not theoretical."[21]

In the instant matter, the Movant contends that allowing the Trustee and counsel to destroy estate records will cause irreparable harm to her. However, in the Movant's brief, and in her

---

[19] *In re Alpex Computer Corp.*, 71 F.3d 353, 356 (10th Cir. 1995).
[20] *In re Magnolia Gas Co., L.L.C.*, 255 B.R. 900, 914 (Bankr. W.D. Okla. 2000).
[21] *Stewart*, 604 B.R. at 908.

argument, the Court cannot find with any particularity or certainty how the Movant will be harmed, especially now that the Tenth Circuit has dismissed the last of her pending appeals (*see* footnote 16 supra). The exhibits attached to the Stay Motion do not raise the Court's suspicion of a grand conspiracy that is at the heart of the Movant's contentions any more than her alleged connections between various attorneys and judges in the State of Utah. Further, the Court does not wish to venture into theoretical harm done by destroying estate records in this 11-year-old case.

### 3. Granting Stay Will Result in Substantial Harm to the Other Parties to the Appeal

The Court again finds that this factor weighs against the Movant. At the August 31 hearing, the Trustee's counsel did offer to preserve the records for some period of time as a possible way to address the Stay Motion if the Court were so inclined, but that offer was made before the Tenth Circuit's September 1 dismissal, and the Court does not find it appropriate to require the Trustee's retention of records any longer. All documents in Ms. Loveridge's possession were required to be made available as part of the November 2014 settlement agreement—and according to the Trustee's counsel, they actually were reviewed at the time by counsel for Summit and/or Ms. Ceruti. There is no indication of any other steps that Ms. Ceruti took over the years to inspect the Trustee's records. And even though the Trustee's counsel said that the remaining records in the Trustee's possession are not voluminous, this case has already lingered for an extraordinary amount of time and requiring further unnecessary retention of the records for no concrete reason is harmful to the Trustee and his counsel.

### 4. Effect of Granting Stay Upon the Public Interest

For similar reasons as the ones already discussed, the Court finds that this factor weighs against the Movant as well. This case began in 2011, and the need to expeditiously close cases

and continue to administer cases for the betterment of the public is a policy factor of this Court. The Movant has failed to demonstrate that any other factor weighs in her favor for granting the stay. And most importantly, the Court believes that the Movant wholly lacks standing in the instant matter. It is greatly against the public interest for parties with no interest or standing in a case to unnecessarily prolong it.[22]

For the foregoing reasons, the Court finds that the Movant has failed to establish grounds for a stay to be granted. Accordingly, the Stay Motion is denied.

### B. Motion for an Order Finding David Ryan Hague Is an Insider of the Debtor

In the Insider Motion, the Movant seeks to have the Court declare that Mr. Hague is an insider of the Debtor due to his familial relationship, through marriage, to Mr. McBride. The Court notes that technically speaking (although no evidence was presented or received on this point), assuming all factual allegations are correct regarding Mr. Hague's relationship to Mr. McBride, and Mr. McBride's position with the Debtor, then the Movant's claim may satisfy the definition of an insider in 11 U.S.C. § 101(31)(A). However, the Court elects not to make such a declaration for two reasons: (1) the Movant lacks standing, and (2) the Insider Motion constitutes an impermissible request for an advisory opinion.

#### 1. Movant Lacks Standing

For the same reasons already discussed in connection with the Stay Motion, the Court again finds that the Movant lacks standing because (1) the Movant does not have an allowed proof of claim in the case; (2) even if the Movant had an allowed proof of claim, the claim would be that of a general unsecured creditor, and would have no pecuniary interest in the estate due to

---

[22] *In re Kopexa Realty Venture Co.*, 240 B.R. 63, 65 n.2 (10th Cir. BAP 1999).

the limited funds, which have all been disbursed; and (3) at least two of the Movant's three claims were waived in the broad settlement agreement, and plausibly all three.

### 2. Motion Constitutes Impermissible Request for an Advisory Opinion

And for a court to issue a declaratory judgment, such as the one the Movant seeks, "there must be a dispute which calls, not for an advisory opinion upon a hypothetical basis, but for an adjudication of present right upon established facts."[23]

In the instant matter, the Movant has not articulated any relief other than a factual finding from the Court that Mr. Hague is an insider. This constitutes a request for an advisory opinion from the Court, seemingly to be used for some unknown reason against Mr. Hague and/or others at some point in the future. The Court finds it inappropriate judicial policy to affix labels to individuals for no reason in particular. This Court only determines cases and controversies, and Ms. Ceruti's request for an insider declaration, in this context and at this time, is neither of those. For the foregoing reasons, the Insider Motion is denied.

### IV. CONCLUSION AND FINAL COMMENTS

For the reasons discussed in this Memorandum Decision, both Motions are DENIED, and the Court will prepare appropriate orders as well as an order denying the related and unprosecuted motion to refer the REDCO bankruptcy case to the U.S. Trustee and Department of Justice. In light of this disposition, the Court will also discharge Mr. Miller from any further duties as a trustee and close this bankruptcy case as requested in his Final Account, and the Trustee is "authorized to. . . destroy records of the estate" as indicated in the Final Report Order. Based on both lack of merit and mootness (noting now that the Trustee has been discharged), the

---

[23] *Ashcroft v. Mattis*, 431 U.S. 171, 172 (1977).

Court will also enter an order denying Ms. Ceruti's August 31 Motion to Disqualify David Miller as Trustee and striking the October 5 hearing.

And finally, the Court notes that Ms. Ceruti filed yet another document on September 2 styled as an Objection to Final Report of Trustee and Motion to Amend or Alter the Court's Order. The Court has thoroughly reviewed the filings at docket #s 492, 493, and 494 and finds them repetitive, frivolous, and meritless. First, the motion seeks relief under Federal Rule of Bankruptcy Procedure 9023 and Federal Rule of Civil Procedure 59, but such motions must be brought within 14 days of entry of the order to be reconsidered, which was entered on November 3, 2021. But even if the motion were analyzed under Rule 60(b) or otherwise considered on the merits, it is only a slight variation on the Stay Motion and the Disqualification Motion that the Court has already denied. It simply raises more strained connections, stale claims, and old arguments, and again is brought by a party with no standing to do so. The motion was also not "made within a reasonable time" as required by Rule 60(c)(1). Accordingly, for substantially the same reasons that the Stay Motion and the Disqualification Motion were denied, and the procedural defects just discussed, the Court will also enter an order denying the new motion at docket #s 492, 493, and 494.

Ms. Ceruti is obviously upset about the progress and outcome of the REDCO bankruptcy and has been for a very long time. She has presented her positions to many courts over many years, and this Court has always treated her respectfully and considered her papers and arguments fully and fairly even when it ultimately ruled against her. But now it's time to move on. There is nothing left to do in this bankruptcy case, and any further repetitive or otherwise frivolous filings by Ms. Ceruti will result in the Court imposing prefiling restrictions that will, at

minimum, require the Court's permission before the Clerk's office will accept and file any papers that she submits. The Court may also impose additional sanctions as appropriate.

-----------------------------------END OF DOCUMENT------------------------------------

# SERVICE LIST

Service of the foregoing **Memorandum Decision on Kimberly Ceruti's Motion to Stay Order, Motion for an Order Finding that David Ryan Hague Is an Insider of REDCO, and Other Matters** shall be made on the following parties through the CM/ECF system:

- **Zack L. Winzeler**     ZWinzeler@parsonsbehle.com
- **Reid W. Lambert**     rlambert@strongandhanni.com
- **U.S. Trustee**     USTPRegion19.SK.ECF@usdoj.gov

**By U.S. Mail:** In addition to the parties of record receiving notice through the CM/ECF system, the following parties should be served notice pursuant to Fed. R. Civ. P. 5(b).

Kimberly Ceruti
4733 S. Hidden Woods Lane
Murray, UT 84107

Kimberly Ceruti
835 East 4800 South, Suite 210-B
Murray, UT 84107